**DISMISS and Opinion Filed April 12, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00233-CR**

**KVAUGHANDRE LAPAUL PRESLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F21-25070-X**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Garcia
Opinion by Chief Justice Burns

Kvaughandre Lapaul Presley appeals his conviction for capital murder. The record demonstrates we lack jurisdiction over this appeal because the notice of appeal was not timely filed. Accordingly, we dismiss the appeal for want of jurisdiction.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX.

R. APP. P. 26.2(a). A motion for new trial must be filed no later than thirty days after sentence is imposed or suspended in open court. TEX. R. APP. P. 21.4(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, the notice of appeal in the trial court and a motion to extend the time to file the notice of appeal in the court of appeals. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal for lack of jurisdiction. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Here, the trial court imposed punishment on September 23, 2022. The notice of appeal or motion for new trial were due Monday, October 24, 2022. Appellant moved for a new trial on March 8, 2023, which was untimely. Therefore, appellant's notice of appeal was due Monday October 24, 2022. Any motion to extend the time to file the notice of appeal would have been due on or before November 8, 2022.

Appellant's notice of appeal was filed March 8, 2023. Thus, appellant's notice of appeal was not timely, and we lack jurisdiction over this appeal. *Ex parte Castillo*, 369 S.W.3d at 198. We requested letter briefs from the parties concerning the Court's jurisdiction. Appellant's counsel filed a letter brief stating that based on the record, it appears the Court does not have jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230233F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KVAUGHANDRE LAPAUL
PRESLEY, Appellant

No. 05-23-00233-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F21-25070-X.
Opinion delivered by Chief Justice
Burns. Justices Nowell and Garcia
participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for wan of jurisdiction.

Judgment entered April 12, 2023